Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ROBERT W. GETTLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1310 | **DATE** | 4/30/2013 |
| **CASE TITLE** | Paris Jackson (#2012-0325100) vs. Cook County Jail, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders Cook County Jail officials to deduct $8.60 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. On the court's own motion, Toni Preckwinkle and the Cook County Jail are dismissed as defendants on preliminary review pursuant to 28 U.S.C. § 1915A. The clerk is directed to issue summons for service on defendant Dart only. The clerk is also directed to send the plaintiff a magistrate judge consent form and filing instructions along with a copy of this order.

■ [**For further details see text below.**]  **Docketing to mail notices.**

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, county officials, violated the plaintiff's constitutional rights by subjecting him to inhumane conditions of confinement. More specifically, the plaintiff alleges that he was housed for a week in an "abandoned" building that was overcrowded and that lacked water or lighting.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $8.60. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th
**(CONTINUED)**

mjm

Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting the plaintiff's factual allegations as true, the court finds that the complaint states a colorable cause of action against Sheriff Dart under the Civil Rights Act. Incarcerated persons are entitled to confinement under humane conditions that satisfy "basic human needs." *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 664 (7th Cir. 2012) (citations omitted). The Due Process Clause prohibits conditions that amount to "punishment" of a pretrial detainee. *Bell v. Wolfish*, 441 U.S. 520,535 (1979); *Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009). The personal involvement of a senior official such as the county sheriff or the prison warden may be inferred where (as here) the claims alleged involve "potentially systemic," rather than "clearly localized," constitutional violations. *Antonelli v. Sheahan*, 81 F.3d 1422, 1428-29 (7th Cir. 1996). Defendant Dart must respond to the plaintiff's allegations.

However, the complaint is dismissed on initial review as to defendant Toni Preckwinkle and the Cook County Jail. The jail is not itself a suable entity. *See, e.g., Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993); *Fergurson v. Cook County Jail*, No. 04 C 7087, 2004 WL 2967444, *2 (N.D. Ill. Nov. 19, 2004) (Shadur, J.). Nor has the plaintiff alleged any facts suggesting the direct, personal involvement of the President of the Cook County Board of Commissioners, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Consequently, the plaintiff may proceed only against the Sheriff.

The clerk shall issue summonses for service of the complaint on defendant Dart. The United States Marshals Service is appointed to serve the defendant. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendant with process. The Marshal is authorized to mail a request for waiver of service to the defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. **The plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed.** In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.